ERNEST J PAGELS, JR,

     Plaintiff,

                               Case No. 16-CV-0914-PP

v.

PATRICIA STRUCK, ET AL.,

     Defendants.

---

## DECISION AND ORDER DISMISSING COMPLAINT (DKT. NO. 1) AND DENYING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PAYING THE FILING FEE (DKT. NO. 2)

On July 13, 2016, plaintiff Ernest Pagels filed a complaint against several individuals and entities. Dkt. No. 1. On the same date, the plaintiff filed a motion for leave to proceed without prepayment of the filing fee. Dkt. Nos. 3, 4, 5. In his complaint, the plaintiff describes his mental health issues and disabilities; states that he has been harassed by police and unnamed individuals who live in his rooming house; and states that unnamed individuals who work for the Veteran's Administration are not providing him with sufficient help and are not accommodating his disability. He asks the court to stop the harassment he is receiving and to assist him in getting help. Dkt. No. 1 at 1.

If a court finds that the allegations in a complaint have "no possibility of the court having authority to provide relief to the plaintiff," then the case does not belong in federal court. Carter v. Homeward Residential, Inc., 794 F.3d

1

806, 807 (7th Cir. 2015)(citations omitted). In other words, a finding that the complaint, on its face, is frivolous or nonjusticiable is enough to denote that the case does not invoke federal jurisdiction. Id. at 808.

There is no relief that this court can provide to the plaintiff. The facts in the plaintiff's complaint do not state a claim for relief against any of the individuals named in the complaint, and the court cannot prevent unknown police officers and individuals from harassing him or failing to prevent others from harassing him. Nor can the court order the Veteran's Administration, the Milwaukee or Waukesha County police departments, or unnamed individuals to help the plaintiff, because the complaint does not provide enough factual information to state a claim over which this court has jurisdiction.

It appears that the plaintiff may have realized this fact, because on July 21, 2016, he filed a letter, telling the court that he wanted to dismiss all of the lawsuits he had before the court. Dkt. No. 5. The plaintiff has filed fourteen civil rights cases and one miscellaneous case in this district (twelve since May 2014). The plaintiff represented himself in each of those cases. Almost all of those cases were dismissed voluntarily by the plaintiff, or were dismissed by the court at the screening stage for lack of subject matter jurisdiction or for failure to state a claim for which relief can be granted. Because the plaintiff's repetitive frivolous filings are impeding the court's ability to function efficiently, the court warns the plaintiff that the court may sanction him if he continues to file complaints that do not belong in federal court.

For the reasons stated above, the court **ORDERS** that this complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Dkt. No. 1. The court **DIRECTS** the clerk to enter a judgment dismissing the complaint. The court further **ORDERS** that the plaintiff's motion for leave to proceed without prepayment of the filing fee is **DENIED** as moot. Dkt. No. 2.

The court also **WARNS** the plaintiff that if he continues to file frivolous complaints, the court **MAY SANCTION** the plaintiff by (1) denying *in forma pauperis* status and the requiring the plaintiff to pay the filing fees associated with any future complaint that he files in this court; (2) imposing a monetary fine; and/or (3) barring the plaintiff from filing future cases or documents in this district.

Dated in Milwaukee, Wisconsin this 25th day of July, 2016.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**United States District Judge**

3